IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NELSON A. PARK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) 1:06CV00549 |
| AMERICAN CIRCUIT BREAKER CORPORATION and NATHAN J. MAZUREK, | ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION

Beaty, Chief Judge.

This case arises out of an employment contract dispute between Plaintiff Nelson Park and Defendants American Circuit Breaker Corporation ("ACBC") and its president, Nathan Mazurek ("Mazurek"). This matter is presently before the Court on Defendants' Motion to Dismiss or Alternatively to Transfer to the United States District Court for the Southern District of New York [Document #21]. For the reasons discussed below, the Court finds that Defendants' Motion to Dismiss should be granted with respect to the claims brought against Defendant Mazurek, but denied with respect to the claims brought against Defendant ACBC. The Court further concludes that Defendants' motion under 28 U.S.C. § 1404(a) to transfer this case to the Southern District of New York should also be denied.

I. FACTUAL BACKGROUND

Defendant ACBC is a closely held corporation that is incorporated under the laws of New York. Plaintiff Nelson Park ("Park" or "Plaintiff") is a North Carolina resident and is a former employee of Defendant ACBC. Plaintiff is also a minority shareholder in ACBC, with

a 3% interest in ACBC. Defendant Mazurek, who is a resident of New York, is the president of ACBC, and is also the majority shareholder of ACBC. Plaintiff contends that Mazurek and his family control 93% of the shares in ACBC, with the remaining 6% being equally divided between Plaintiff Park and another former ACBC employee, Robert Steel.

Plaintiff entered into an Employment Agreement ("the Employment Agreement") with ACBC effective December 20, 1988, pursuant to which Plaintiff served as ACBC's Chief Financial Officer. The Employment Agreement was signed by Defendant Mazurek in his capacity as president of ACBC. At the time, ACBC had significant operations in North Carolina, and Plaintiff Park worked at ACBC's North Carolina facility. In 1997, ACBC ceased its manufacturing operations in North Carolina, although ACBC continued to use its North Carolina facility for distribution and other operations, and ACBC's wholly-owned subsidiaries continued operations in North Carolina. Plaintiff Park continued to work for ACBC in North Carolina until he was terminated from his employment with ACBC on May 23, 2003.

After he was terminated, Plaintiff filed the present suit, contending that his termination was not for cause and that he is owed money under the terms of the Employment Agreement. Plaintiff originally filed his Complaint in the General Court of Justice, Superior Court Division in Stanly County, North Carolina. The Defendants removed the action to the Middle District of North Carolina based upon diversity of citizenship. There is no dispute that complete diversity exists here because Plaintiff is a citizen of North Carolina, Defendant Mazurek is a citizen of New York, and Defendant ACBC is a New York corporation with a principal place

of business of either New York or Massachusetts.[1]

Plaintiff subsequently filed an Amended Complaint restating his prior claims and adding additional assertions against Defendant Mazurek. In his Amended Complaint, Plaintiff contends that after his employment was terminated, but while he still owned 3% of the shares of ACBC, Defendant Mazurek transferred a tract of land from a wholly owned subsidiary of ACBC, Federal Pacific, to a separate limited liability company managed by Defendant Mazurek, Albermarle Realty I, for minimal consideration. Plaintiff claims that as a result of this transfer, the value of his shares in ACBC were diminished. Finally, Plaintiff also contends that while he was employed at ACBC, he obtained an unspecified "interest" in a separate limited partnership, Provident Curtis Partners, L.P. ("Provident Partners"), which is a limited partnership organized under the laws of Delaware and operating out of Defendant Mazurek's office in New York. In his Amended Complaint, Plaintiff contends that Defendant Mazurek "'controls" Provident Partners, although Plaintiff does not state the basis of Mazurek's control or whether Mazurek is a partner of Provident Partners. Plaintiff contends only that after Plaintiff's employment with ACBC terminated, Defendant Mazurek breached his fiduciary duty to Plaintiff by failing to distribute to him any proceeds from Provident Partners.

Based on these contentions, Plaintiff's Amended Complaint sets forth four claims for

---

[1] Until 2003, ACBC's principal place of business was in North Carolina, but by the time the Complaint was filed in this case, ACBC's principal place of business was either New York or Massachusetts. Defendants contend the ACBC's principal place of business is New York, while Plaintiff contends that ACBC's filings with the North Carolina Secretary of State after 2003 indicate that ACBC's principal office is in Massachusetts. It is unnecessary to resolve this dispute, since complete diversity exists under either scenario, and there is no evidence that ACBC's principal place of business was in North Carolina after 2003.

relief. First, Plaintiff brings a claim against both ACBC and Mazurek for breach of the Employment Agreement. Second, Plaintiff brings a claim against both ACBC and Mazurek for unjust enrichment, based on Plaintiff's contention that the Defendants retained monies that were due to him under the Employment Agreement. Third, Plaintiff brings a claim against Defendant Mazurek relating to the sale of land from Federal Pacific to Albemarle Realty I, alleging that Defendant Mazurek breached his fiduciary duty to ACBC by siphoning off assets of ACBC, which injured Plaintiff as a shareholder. Finally, Plaintiff brings a claim against Defendant Mazurek alleging that Defendant Mazurek breached his fiduciary duty by failing to distribute to Plaintiff any income generated by Provident Partners and by failing to provide Plaintiff with a "K-1" or other accounting for Provident Partners.

Defendants have moved to dismiss all of the claims asserted against Defendant Mazurek. Defendants have also moved to dismiss the claim brought against ACBC for unjust enrichment, but Defendants have not moved to dismiss the claim against ACBC for breach of contract. Defendants have moved in the alternative to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). In addressing the pending motions, the Court will first address the Motion to Dismiss with respect to each of the four claims asserted in the Amended Complaint, and the Court will then address the Motion to Transfer Venue with respect to the claims remaining in the case.

II. MOTION TO DISMISS

    A. Claim 1: Breach of Contract

Plaintiff, in his Amended Complaint, asserts a breach of contract claim against both

4

Defendant Mazurek and Defendant ACBC for breach of the Employment Agreement. The parties agree that by its terms, the Employment Agreement is governed by New York law.[2] Defendants have moved to dismiss this claim as to Defendant Mazurek, contending that Mazurek cannot be held liable for this breach of contract claim because he only signed the Employment Agreement in his official capacity as president of ACBC. In his Response, Plaintiff acknowledges that Defendant Mazurek is not a proper defendant for the breach of contract claim, and Plaintiff stipulates that the breach of contract claim is only directed at ACBC. (See Response [Document #25] at 5.) Therefore, Defendants' Motion to Dismiss the breach of contract claim against Defendant Mazurek will be granted.

As noted above, Defendants have not moved to dismiss the breach of contract claim against ACBC, and the breach of contract claim therefore will go forward as against Defendant ACBC.

B.  Claim 2: Unjust Enrichment

In his Amended Complaint, Plaintiff also asserts a claim for unjust enrichment against both Defendants, and Defendants have moved to dismiss this claim in its entirety. With respect to the claim for unjust enrichment as to Defendant Mazurek, Plaintiff in his Response stipulates and concedes that the unjust enrichment claim, like the breach of contract claim, is not appropriately brought against Defendant Mazurek individually, and is only directed at ACBC.

---

[2] Applying North Carolina choice of law rules, the Court notes that in North Carolina, "'where parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect.'" Bueltel v. Lumber Mut. Ins. Co., 134 N.C. App. 626, 631, 518 S.E.2d 205, 209 (1999) (quoting Tanglewood Land Co. v. Byrd, 299 N.C. 260, 262, 261 S.E.2d 655, 656 (1980)).

5

(See Response [Document #25] at 5.) As such, to the extent the claim was asserted against Defendant Mazurek in the Amended Complaint, Defendants' Motion to Dismiss the unjust enrichment claim against Defendant Mazurek will be granted.

With respect to the claim for unjust enrichment against Defendant ACBC, Defendants contend that this claim is governed by New York law and that under New York law, the unjust enrichment claim cannot be brought as a separate claim when there is a written contract on the same subject matter. See MacDraw, Inc. v. CIT Group Equip. Fin., 157 F.3d 956, 964 (2d Cir. 1998); Cornhusker Farms, Inc. v. Hunts Point Coop. Mkt., 2 A.D.3d 201, 769 N.Y.S.2d 228 (N.Y. App. Div. 2003). In support of this contention, Defendants note that Plaintiff's unjust enrichment claim is based only on Defendants' retention of money allegedly owed to Plaintiff under the Employment Agreement, and Defendants argue that Plaintiff does not allege any additional facts that would go beyond the written contract. In response, Plaintiff disputes whether New York law applies to the unjust enrichment claim, but Plaintiff concedes that under both New York law and North Carolina law, the existence of a valid contract covering the dispute precludes a claim for unjust enrichment on the same matter. See Synergy Financial, LLC v. Zarro, 329 F. Supp. 2d 701 (W.D.N.C. 2004); Horack v. Southern Real Estate Co. of Charlotte, Inc., 150 N.C. App. 305, 563 S.E.2d 47 (2002). (See Response [Document #25] at 6.) However, Plaintiff notes that his unjust enrichment claim was brought as an alternative claim only to the extent Defendants might deny the existence of a valid, enforceable contract. Plaintiff contends that if Defendants deny the existence of a valid, enforceable contract, he would seek to recover quasi-contract damages for unjust enrichment as an alternative to his breach of contract claim.

Having considered the arguments of the parties, the Court finds that it would be premature to dismiss Plaintiff's unjust enrichment claim at this time, prior to an Answer being filed or any other determination being made regarding the breach of contract claim. Plaintiff concedes that he may ultimately be precluded from recovering for both breach of contract and unjust enrichment, and the Court notes that the unjust enrichment claim may ultimately be subject to dismissal if a valid contract covers the dispute. However, at this stage of the litigation Plaintiff is not precluded from raising an unjust enrichment claim as an alternative to his breach of contract claim under either New York law or North Carolina law. See, e.g., Ellis v. Abbey & Ellis, 294 A.D.2d 168, 170, 742 N.Y.S.2d 225, 228 (N.Y. App. Div. 2002) (noting that "[c]auses of action and grounds for relief may be pleaded in the alternative" and a plaintiff may "plead both breach of contract and quantum meruit as alternative theories of recovery"); James River Equipment, Inc. v. Mecklenburg Utils., Inc., 179 N.C. App. 414, 419, 634 S.E.2d 557, 560 (2006) ("It is well-established that '[l]iberal pleading rules permit pleading in the alternative,' and that theories [for breach of express contract and for quantum meruit] may be pursued in the complaint even if plaintiff may not ultimately be able to prevail on both." (internal quotation omitted)). Defendants in their Reply note that they do not intend to deny the existence and validity of the Employment Agreement, but the Court concludes that Plaintiff's alternative claim is more appropriately addressed after an Answer has been filed and the positions of the parties are more definitively determined on this point. Therefore, Plaintiff's claim for unjust enrichment against ACBC will not be dismissed at this time.

  C. Claim 3: Breach of Fiduciary Duty against Defendant Mazurek as to ACBC

In his third claim, Plaintiff brings a claim for breach of fiduciary duty only against

7

Defendant Mazurek for alleged breach of fiduciary duty in connection with Mazurek's transfer of land from a wholly-owned subsidiary of ACBC, Federal Pacific, to a limited liability corporation managed by Defendant Mazurek, Albemarle Realty I. Plaintiff contends that as a result of this transfer, the value of his ACBC shares diminished. However, Defendants contend that this claim should be dismissed because these claims are derivative in nature and Plaintiff lacks standing to bring the claim in his individual capacity. Specifically, Defendants contend that to the extent Plaintiff seeks to pursue a claim against Defendant Mazurek for alleged breach of a fiduciary duty owed by Mazurek to ACBC, Plaintiff may not directly assert such an action for breach of fiduciary duty, but rather must pursue the claim derivatively on behalf of the corporation.

In determining which state's law to apply in evaluating this claim, this Court must first apply North Carolina choice of law rules. See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 599-600 (4th Cir. 2004) ("A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules.") Defendants contend that under the "internal affairs doctrine," this breach of fiduciary duty claim is governed by New York law since New York is the state of incorporation of ACBC. In response, Plaintiff contends that North Carolina law applies to this claim. However, the North Carolina courts have specifically adopted the "internal affairs doctrine" as a conflict of law principle "which recognizes that only one State should have the authority to regulate a corporation's internal affairs -- matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders -- because otherwise a corporation could be faced with conflicting demands." Bluebird Corp. v. Aubin, 657 S.E.2d 55,

63 (N.C. App. 2008). In applying this doctrine, "States normally look to the State of a business' incorporation for the law that provides the relevant corporate governance general standard of care." Id. (quoting Atherton v. FDIC, 519 U.S. 213, 224, 117 S. Ct. 666, 136 L. Ed. 2d 656 (1997)). Therefore, pursuant to this North Carolina conflict of law principle, the law of the state of incorporation would apply to matters relating to the corporation's internal affairs.

In the present case, the parties do not dispute that ACBC was incorporated in New York. Therefore, New York law would apply to matters relating to ACBC's internal affairs. Having reviewed the allegations in this case, the Court concludes that the allegations asserted in Claim 3 of the Amended Complaint relate to ACBC's internal affairs, specifically, the alleged loss of value of Plaintiff's shares of ACBC based on Defendant Mazurek's alleged actions as a director of ACBC, which are "matters peculiar to the relationships among or between the corporation and it current officers, directors, and shareholders." In his Response Brief, Plaintiff contends that Mazurek's alleged actions involved other subsidiaries or entities that were North Carolina corporations, including a transfer of North Carolina real estate from Federal Pacific (a North Carolina Corporation) to Albermarle Realty I (a North Carolina LLC). However, Plaintiff's only interest in that transfer of real estate or in the activities of these other entities was as an owner of 3% of the shares of ACBC, and the only harm Plaintiff alleges as the basis for Claim 3 is the decrease in the value of his shares of ACBC based on Mazurek's alleged actions as a majority shareholder and director of ACBC. Therefore, because ACBC is a New York corporation, the Court concludes that under the "internal affairs doctrine," New York law properly applies to Claim 3.

As such, Defendants contend that under New York law, a shareholder may not bring a

9

claim individually for damages to the corporation. See Brancaleone v. Mesagna, 290 A.D.2d 467, 468, 736 N.Y.S.2d 685, 687 (N.Y. App. Div. 2002) ("A shareholder, even in a closely-held corporation, may not recover in his or her individual capacity for the corporation's losses."). Defendants further contend that a claim for breach of fiduciary duty against an officer or director of a corporation may only be brought as part of a shareholder derivative suit. See Wolf v. Rand, 258 A.D.2d 401, 403, 685 N.Y.S.2d 708, 710 (N.Y. App. Div. 1999) (holding that where a plaintiff "seeks vindication of her rights as a shareholder, and recovery of corporate assets and profits diverted from her in that status[,] [h]er standing is that of a shareholder, suing other shareholders who converted corporate assets and profits, entitling her to sue only derivatively"). Defendants note that "[e]ven where the corporation is closely held, and the defendants might share in the award, the claims belong to the corporation, and damages are awarded to the corporation rather than directly to the derivative plaintiff." Id.; see also Corso v. Byron, 11 Misc. 3d 1072A, 816 N.Y.S.2d 694 (N.Y. Sup. Ct. 2006) ("A shareholder, even a sole shareholder or one in a closely held corporation, typically does not have standing to sue directly for injuries to the corporation itself and that shareholder must instead commence a derivative action on behalf of the corporation.").

In this case, Plaintiff's claim against Defendant Mazurek is for an alleged breach of fiduciary duty by Defendant Mazurek as ACBC's President and majority shareholder that led to a reduction in the value of Plaintiff's shares in ACBC. This type of claim is one that New York courts would classify as a derivative claim. As noted by the United States District Court for the Southern District of New York, "[u]nder New York law, '[a]n individual shareholder has no right to bring an action in his own name and in his own behalf for a wrong committed against

10

the corporation, even though the particular wrong may have resulted in a depreciation or destruction of the value of his corporate stock.' . . . . The rule applies equally to closely held corporations as to large, publicly traded corporations. . . . . Of course, a shareholder always has standing to sue for harm to the corporation, as long as the suit is brought derivatively, with any recovery going to the corporation." Solutia Inc. v. FMC Corp., 385 F. Supp.2d 324, 331 (S.D.N.Y. 2005).

In the present case, the harm that Plaintiff claims as the basis for Claim 3 is directly tied to a general harm to the corporation and is not unique to Plaintiff. Plaintiff has not alleged facts to support a derivative claim, and in his Response Plaintiff does not contend that he has satisfied the requirements for bringing a derivative claim or that he intends to pursue a derivative claim. Instead, Plaintiff has attempted to gain redress on his own behalf against Defendant Mazurek, seeking damages for himself, not for the corporation, and Plaintiff contends that he should be allowed to proceed in this manner without pursuing a possible derivative claim. However, such a claim for breach of fiduciary duty by a stockholder in a corporation based on a decrease in the value of shares of the corporation must be brought derivatively. Thus, Plaintiff lacks standing to assert this claim directly, and Claim 3 against Defendant Mazurek for breach of fiduciary duty related to ACBC will be dismissed.

        D.      Claim 4: Breach of Fiduciary Duty against Defendant Mazurek as to Provident Curtis Partners

Plaintiff's final claim is a claim against Defendant Mazurek for breach of fiduciary duty based on income Plaintiff contends that he is owed based on Plaintiff's "interest" in Provident Curtis Partners, L.P. ("Provident Partners"). Plaintiff alleges that he obtained an "interest" in

11

the limited partnership Provident Partners while he was employed at ACBC. Plaintiff further alleges that Defendant Mazurek "controlled" Provident Partners, and that Defendant Mazurek breached his fiduciary duty to Plaintiff by not providing Plaintiff with alleged benefits of the partnership for the years of 2003-2006 and by not providing a "K-1" when Plaintiff demanded it.[3] However, Plaintiff does not allege that Defendant Mazurek is a partner in Provident Partners, nor does Plaintiff allege the existence or breach of a Partnership Agreement. Instead, the basis of Plaintiff's claim is that Defendant Mazurek breached his fiduciary duty to Plaintiff by failing to provide partnership income to Plaintiff. Defendants contend that this claim should be dismissed because Plaintiff has failed to properly bring this claim as a derivative claim and because Plaintiff has failed to allege any basis for the claim.

Provident Partners is a Delaware limited partnership and Defendants contend that any claims arising against the partnership should be decided under Delaware law. Plaintiff does not dispute that Delaware law should apply to this claim, and that North Carolina courts would apply Delaware law under these circumstances since the limited partnership was formed under Delaware law. See N.C. Gen. Stat. § 59-901 (providing that "the laws of the jurisdiction under which a foreign limited partnership is organized govern its organization and internal affairs and the liability of its partners").

Under Delaware limited partnership law, a limited partner alleging a loss of income due to a general injury to the partnership must bring his claims derivatively on behalf of the limited

---

[3] In his Amended Complaint, Plaintiff alleged that he had not yet received a copy of the K-1 for Provident Curtis Partners, L.P. for the 2005 tax year. However, Plaintiff has conceded that he has now received the K-1.

12

partnership. See Del. C. § 17-1001; see also Litman v. Prudential-Bache Properties, Inc., 611 A.2d 12 (Del. Ch. 1992) (holding that the determination of whether a lawsuit is direct or derivative in nature is substantially the same for limited partnerships as it is for corporate cases). In this case, Plaintiff brings a claim for loss of income from the partnership, but Plaintiff has not brought this claim derivatively on behalf of Provident Partners, and has instead asserted it individually as a direct claim against Defendant Mazurek. Under Delaware law, to the extent Plaintiff is alleging a general injury to Provident Partners or a loss of income based on harms to Provident Partners, Plaintiff lacks standing to bring a claim in this manner.

Moreover, even if Plaintiff is attempting to assert an individual claim for a direct injury separate and distinct from any injury suffered by Provident Partners, Plaintiff has failed to allege any basis for his claim for breach of fiduciary duty against Defendant Mazurek. Specifically, Plaintiff has not alleged in his Amended Complaint that Defendant Mazurek was a general partner (or even a limited partner) of Provident Partners. Thus, there is no allegation in the Amended Complaint to establish the basis of any fiduciary duty owed by Defendant Mazurek to Plaintiff related to Provident Partners. Moreover, Plaintiff has also failed to allege the existence or terms of any Partnership Agreement, the nature of any breach of such an agreement by Defendant Mazurek, or any bad faith on the part of Defendant Mazurek related to Provident Partners. See United States Cellular Inv. Co. v. Bell Atl. Mobile Sys., 677 A.2d 497 (Del. 1996) (upholding dismissal of claim for breach of fiduciary duty where limited partner's complaint did not allege that the general partner acted in bad faith in knowing breach of the partnership agreement). In these circumstances, the Court concludes that Plaintiff has failed to state any claim against Defendant Mazurek for breach of a fiduciary duty to Plaintiff related to Provident

13

Partners. Moreover, as noted above, Plaintiff lacks standing to bring a direct claim against Defendant Mazurek for injury or harm to Provident Partners that resulted in diminished income to Plaintiff. Therefore, this claim for breach of fiduciary duty against Defendant Mazurek will also be dismissed .

    E. Conclusion as to Motion to Dismiss

After considering the parties' arguments, the Court concludes that all of the claims against Defendant Mazurek should be dismissed. Specifically, the breach of contract and unjust enrichment claims are dismissed as to Defendant Mazurek based on Plaintiff's stipulation that those claims are directed only to Defendant ACBC. In addition, the Court concludes that the two breach of fiduciary duty claims against Defendant Mazurek should be dismissed because Plaintiff lacks standing to bring the claims and Plaintiff has failed to state a claim against Defendant Mazurek.[4] However, the unjust enrichment claim as to ACBC will not be dismissed at this stage. Therefore, the only remaining claims in this case are the claims against Defendant ACBC for breach of contract and for unjust enrichment. Having resolved the motions to

---

[4] The Court notes that Defendants argue in the alternative that if Plaintiff has standing to bring these claims directly against Defendant Mazurek, the claims against Defendant Mazurek should nevertheless be dismissed because the claims do not "arise out of" Defendant Mazurek's contacts with North Carolina so as to establish specific personal jurisdiction with respect to those claims. However, any consideration of specific personal jurisdiction over Defendant Mazurek in this case requires preliminary determination of the nature and basis of the claims brought against Mazurek, before even reaching the question of whether those claims arise out of Defendant Mazurek's contacts with North Carolina. Given the Court's conclusion that Plaintiff's breach of fiduciary claims may only be brought as derivative claims, that Plaintiff lacks standing to bring these claims directly, and that Plaintiff has failed to state any claim directly against Defendant Mazurek, the Court need not reach Mazurek's alternative contention that personal jurisdiction is lacking.

dismiss, the Court will turn to Defendants' request that the remaining claims be transferred to the Southern District of New York under 28 U.S.C. § 1404(a).

III.     MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Defendants contend that this case should be transferred to the Southern District of New York for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that a district court may transfer an action "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). In considering a motion to transfer for the convenience of the parties, the Court considers "the plaintiff's initial choice of venue, the residences of the parties, the ease of proof, the availability of compulsory process, the costs of obtaining attendance of willing witnesses, the relative time and expense of travel, and the interest of localized litigation." Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 304 F. Supp. 2d 769, 773 (M.D.N.C. 2004); Regent Lighting Corp. v. Galaxy Elec. Mfg., 933 F. Supp. 507, 513 (M.D.N.C. 1996); see also Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996) (listing factors to consider). When considering a transfer for the convenience of the parties, the plaintiff's choice of forum ordinarily should not be disturbed, absent compelling reasons, particularly when it is the plaintiff's home forum. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252, 265, 70 L. Ed. 2d 419 (1981) ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"); Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed.

15

1055 (1947))).

In the present case, Plaintiff chose to bring this action in North Carolina, which is his home forum and is also the state where he was employed by Defendant ACBC for many years. Defendants nevertheless contend that this case should be transferred because the remaining factors "clearly point" to a trial in New York. With respect to the first factor, the residence of the parties, Defendants argue that the residence of the parties strongly favors transfer to New York because ACBC no longer has business operations in North Carolina and it would be burdensome for it to travel to North Carolina to defend this litigation. However, the Plaintiff is a long time resident of North Carolina and would also be burdened by traveling to New York to pursue his claim against ACBC. Moreover, ACBC had operations in North Carolina for many years, Plaintiff was employed with ACBC in North Carolina, and ACBC continued to conduct business in North Carolina at the time this suit was commenced, and would therefore be a resident of North Carolina for venue purposes. See 28 U.S.C. § 1391(c). Therefore, the Court concludes that this factor does not weigh in favor of transfer to New York.

With respect to "the ease of proof, the availability of compulsory process, the costs of obtaining attendance of willing witnesses, [and] the relative time and expense of travel," Defendant ACBC claims that all relevant documents and most witnesses are located in or around New York and that it would be both burdensome and expensive to transfer documents and provide travel to these witnesses to North Carolina. However, many of these documents and witnesses were in North Carolina before ACBC's operations were moved to New York and Massachusetts, and Plaintiff cites great personal cost in traveling to New York and transferring any relevant documents to that forum. In addition, Plaintiff notes that many of the witnesses

16

identified by ACBC would not actually be relevant witnesses, and Plaintiff has identified several witnesses that he would expect to call, all of whom are in North Carolina. Therefore, the Court concludes that while Defendants may face some inconvenience in presenting documents and witnesses if this case is tried in North Carolina, Plaintiff would be equally inconvenienced if this case were transferred to New York, and therefore these factors do not tip in favor of either party.

With respect to the interest in "localized litigation," the Court notes that the parties agree that the Employment Agreement at issue in this case includes a New York choice of law provision and is therefore governed by New York law. This factor would tip slightly in favor of transfer to New York. However, the Employment Agreement was performed in North Carolina and involved a North Carolina employee, and therefore North Carolina would also have an interest in the litigation. Moreover, this Court can apply New York law as appropriate, and this single choice of law provision in the Employment Agreement would not tip the balance decidedly in favor of transfer to New York.

Finally, the Court notes that Defendants contend that other possible factors weigh in favor of transferring the case, including the possible inability of Plaintiff to enforce a judgment in North Carolina, the expense to Defendants of a trial in North Carolina, the need to use deposition testimony at a trial in North Carolina where the attendance of witnesses could not be obtained, and the relative congestion of the various courts. However, this Court has considered these factors and finds that none of them tip in favor of transferring the case to New York. To the extent that Defendants contend that judgment would be unenforceable in North Carolina, the Court notes that ACBC previously owned property in North Carolina and may still have traceable assets in North Carolina against which Plaintiff could enforce a judgment. To the

17

extent Defendants cite to costs and difficulty in obtaining the attendance of witnesses, the Court finds that Plaintiff would be similarly inconvenienced if this case is transferred, and the factors therefore do not favor transfer to New York. See Walter Kidde, 304 F. Supp. 2d at 773 (noting that transfer should not be granted "if the transfer would simply shift the inconvenience from one party to another" (internal quotation omitted)).

Therefore, having considered all of the factors, the Court finds that a transfer in this case would merely involve a shifting of inconveniences, and Defendants have not established that the balance of factors weighs strongly in favor of New York in order to overcome Plaintiff's choice of forum in this case. Having considered all of the arguments of the parties, the Court concludes that the convenience of the parties and witnesses and the interests of justice do not support transfer of this case to New York. Based on this conclusion, the Court finds that transfer to New York is not appropriate in this case. Therefore, Defendants' request to transfer this action to the Southern District of New York will be denied.

IV. CONCLUSION

For the reasons discussed above, the Court concludes that the Defendants' Motion to Dismiss should be granted with respect to all of the claims asserted by Plaintiff against Defendant Mazurek, but the Motion to Dismiss will be denied with respect to the claims asserted by Plaintiff against Defendant ACBC. Therefore, this case will go forward against Defendant ACBC on Plaintiff's claims for breach of contract and for unjust enrichment. Finally, the Court concludes that Defendants' Motion to Transfer this case to the Southern District of New York for the convenience of the parties should be denied.

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss or to Transfer

[Document #21] is GRANTED IN PART AND DENIED IN PART. Specifically, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED with respect to all of the claims asserted against Defendant Mazurek, and all of the claims against Defendant Mazurek will be dismissed. IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is DENIED with respect to the claims asserted against Defendant ACBC, and Plaintiff's claims against Defendant ACBC for breach of contract and for unjust enrichment will go forward. Finally, Defendants' Motion to Transfer is DENIED.

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously herewith.

This, the 14th of October, 2008.

_____
United States District Judge